In re "FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS" PRODUCTS LIABILITY LITIGATION.

MDL No. 986.

Judicial Panel on Multidistrict Litigation.

Dec. 7, 1993.

---

Before JOHN F. NANGLE, Chairman, MILTON POLLACK, ROBERT R. MERHIGE, Jr.,* WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY,* and BAREFOOT SANDERS, Judges of the Panel.

### TRANSFER ORDER

JOHN F. NANGLE, Chairman.

This litigation presently consists of the 28 actions listed on the following Schedule A[1] and pending in six federal districts as follows:

| | |
|---|---|
| Middle District of Florida | 17 actions |
| Southern District of Florida | 5 actions |
| District of New Jersey | 3 actions |
| Northern District of Florida | 1 action |
| Northern District of Illinois | 1 action |
| Northern District of New York | 1 action |

Plaintiffs in 27 of the 28 actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing all actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Plaintiff in one potential tag-along action supports the motion. Plaintiffs in one Southern District of Florida action included in the motion favor centralization in the Middle District of Florida or another Florida district. The four

---

* Judge Merhige took no part in the consideration of this matter. In addition, Judge Grady did not vote on the Panel's decision in this matter.

1. In addition to the 28 actions listed on Schedule A, the Panel has been advised of the pendency in

principal defendants in the litigation oppose Section 1407 centralization.

■ On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions entail allegations that hemophiliacs who are the plaintiffs or plaintiffs' decedents in these actions acquired the human immunodeficiency virus (HIV) through the use of Factor VIII or Factor IX concentrate blood products (the factor concentrates), which are prescription blood proteins processed by defendants and administered to hemophiliacs to enhance blood clotting. Common factual questions arise in these actions with respect to, *inter alia*, the adequacy of defendants' i) testing of blood plasma donated for factor concentrates for the presence of HIV or other viruses, ii) screening of high-risk donors, and iii) warnings to hemophiliacs and their physicians of the danger of transmission of HIV through factor concentrates. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ In selecting the Northern District of Illinois as the transferee forum, we note that: 1) Chicago is a geographically central location for this nationwide litigation; 2) Judge Grady, to whom we are assigning this litigation, has gained valuable experience and familiarity with the issues in this docket by presiding at the recent trial of a factor concentrate action; and 3) one principal defendant is headquartered in Illinois and another has a factor concentrate processing plant there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pend-

---

many federal districts of approximately 38 other related actions. These actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596–97 (1993).

ing in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–986—In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation*

### Middle District of Florida

*Maney v. Cutter Biological,* C.A. No. 3:93–331

*C.P. Doe, et al. v. Armour Pharmaceutical Co., et al.,* C.A. No. 3:93–588

*R.E. Doe, et al. v. Cutter Laboratories,* C.A. No. 5:93–46

*C. Doe v. Cutter Biological,* C.A. No. 6:90–687

*R.B. Doe v. Cutter Biological,* C.A. No. 6:92–870

*A.B. Doe v. Armour Pharmaceutical Co., et al.,* C.A. No. 6:93–360

*R.B. Smith v. Armour Pharmaceutical Co., et al.,* C.A. No. 6:93–380

*S.P. Smith v. Miles, Inc.,* C.A. No. 6:93–437

*B.H. Doe v. Cutter Biological, et al.,* C.A. No. 8:93–579

*C.S. Doe v. Armour Pharmaceutical Co.,* C.A. No. 8:93–583

*J.H. Doe v. Armour Pharmaceutical Co.,* C.A. No. 8:93–597

*M.W. Doe, et al. v. Cutter Laboratories,* C.A. No. 8:93–627

*John Doe v. Armour Pharmaceutical Co., et al.,* C.A. No. 8:93–877

*Timothy H. Baker v. Armour Pharmaceutical Co., et al.,* C.A. No. 8:93–878

*Thomas F. Campion, Jr. v. Armour Pharmaceutical Co., et al.,* C.A. No. 8:93–974

*Mary Hornickle v. Armour Pharmaceutical Co.,* C.A. No. 8:93–1062

*Y.D. Smith v. Armour Pharmaceutical Co., et al.,* C.A. No. 8:93–1241

### Northern District of Florida

*W.H. Doe v. Miles, Inc.,* C.A. No. 4:93–40148

### Southern District of Florida

*K.S. Doe v. Armour Pharmaceutical Co., et al.,* C.A. No. 1:93–972

*A.S. Doe v. Armour Pharmaceutical Co., et al.,* C.A. No. 1:93–6215

*Johnny Kellar, et al. v. Armour Pharmaceutical Co.,* C.A. No. 2:88–14059

*C.P. Smith v. Armour Pharmaceutical Co., et al.,* C.A. No. 4:93–10037

*D.P. Smith v. Armour Pharmaceutical Co., et al.,* C.A. No. 4:93–10038

### Northern District of Illinois

*Jonathan Wadleigh, et al. v. Rhone–Poulenc Rorer, Inc., et al.,* C.A. No. 1:93–5969

### District of New Jersey

*G.W. v. Armour Pharmaceutical Co., et al.,* C.A. No. 2:91–3725

*Andrea Johnson v. Armour Pharmaceutical Co., et al.,* C.A. No. 2:91–4397

*Ronald Niederman, et al. v. Armour Pharmaceutical Co., et al.,* C.A. No. 2:92–1755

### Northern District of New York

*Jayme L. Miller v. Cutter Biological, et al.,* C.A. No. 5:93–758