In re "FACTOR VIII OR IX CONCEN-TRATE BLOOD PRODUCTS" PROD-UCTS LIABILITY LITIGATION

In re "Second Generation" Blood Factor Concentrate Products Liability Litigation

Domenico Gullone, et al. v. Bayer Corp., et al., N.D. Illinois, C.A. 1:03–8928 (N.D. California, C.A. No. 3:03–2572)

Carlos Abad, et al. v. Bayer, AG, et al., S.D. Florida, C.A. No. 0:03–61924

Diego Ceferino Venturini, et al. v. Bayer AG, et al., S.D. Florida, C.A. No. 0:03–61925

Nos. MDL. 986, 1588.

Judicial Panel on Multidistrict Litigation.

Feb. 18, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

## ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions in the Southern District of Florida and one action that was originally filed in the Northern District of California.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the then Northern District of California action for coordinated or consolidated proceedings of these actions. Prior to the Panel's transfer of their action under Section 1407 two months ago, moving plaintiffs had argued for transfer to the Northern District of Illinois or, in the alternative, to the Northern District of California. Defendants Bayer Corporation; Baxter Healthcare Corporation; Alpha Therapeutic Corporation; Armour Pharmaceutical Co., Inc.; Aventis Behring, LLC; and Aventis, Inc., oppose the creation of a new docket, but support transfer of the two Southern District of Florida actions to the Northern District of Illinois for inclusion in the MDL–986 proceedings, along with the previously transferred Northern District of California action. Plaintiffs in the two Southern District of Florida actions oppose any transfer of their actions.

■ On the basis of the papers filed and hearing session held, the Panel finds that the two Southern District of Florida actions involve common questions of fact with the actions in MDL–986 previously transferred to the Northern District of Illinois, including the action brought by moving plaintiffs here, and that transfer of the two Southern District of Florida actions to the Northern District of Illinois for inclusion in coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these two actions is appropriate for reasons expressed by the Panel in its original order directing centralization in MDL–986. The Panel held that the Northern District of Illinois was a proper Section 1407 forum for actions involving allegations that hemophiliacs acquired the human immunodeficiency virus (HIV) through the use of Factor VIII or Factor IX concentrate blood products, which are prescription blood proteins processed by defendants and administered to hemophiliacs to enhance blood clotting. See In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation, 853 F.Supp. 454 (Jud.Pan.Mult.Lit.1993).

■ Given the similarity of the allegations in these actions and the previously centralized MDL–986 actions as well as the familiarity of the MDL–986 transferee judge with the factual issues in litigation relating to viral infection purportedly caused by contaminated factor concentrates, we find that transfer to the Northern District of Illinois for inclusion in

---

1. Following a motion by the defendants in the Northern District of California action, the Panel transferred that action to the Northern District of Illinois on December 4, 2003, for inclusion in the MDL–986 proceedings. Accordingly, the action is now pending there as part of those coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Also, the defendants have notified the Panel of a related action pending in the Central District of California. Their motion for transfer of this action for inclusion in MDL–986, pursuant to 28 U.S.C. § 1407, was filed on January 16, 2004, and will be considered in due course. Any other related actions will be treated as potential tag-along actions in MDL–986. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

MDL–986 will further the expeditious resolution of the litigation. Both moving plaintiffs and responding defendants concur with Section 1407 centralization in this district; these parties disagree, however, upon the caption under which these actions should proceed there.

Moving plaintiffs initially argued, in part, for the creation of a new docket on the basis of purported factual differences between the actions presently before the Panel and the actions previously centralized in MDL–986. At oral argument, moving plaintiffs stated that, although they would prefer the creation of a new docket by the Panel, they will ask the transferee judge to differentiate these newly filed actions, irrespective of the nomenclature given to the docket by the Panel. We agree that the transferee judge is well situated to determine whether any distinction is necessary between the actions previously centralized in MDL–986 and the actions on the motion presently before the Panel. Accordingly, we leave the nuances of coordinated or consolidated pretrial proceedings to the discretion of the transferee judge.

IT IS THEREFORE ORDERED that plaintiffs' motion for transfer, pursuant to 28 U.S.C. § 1407, under the caption MDL–1588—*In re "Second Generation" Blood Factor Concentrate Products Liability Litigation* is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions still pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John F. Grady for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL–986.